IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 20-105 |
| DERBY CLERFE | [UNDER SEAL] |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Jeffrey R. Bengel, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a three-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Conspiracy to Smuggle Goods from the United States without Filing Export Information From in and around December 2017 to in and around March 2018 | 18 U.S.C. § 371 |
| Two | Transferring a Firearm to an Out-of-State Resident On or about December 24, 2017 | 18 U.S.C. § 922(a)(5) |
| Three | Transferring a Firearm to an Out-of-State Resident On or about February 8, 2018 | 18 U.S.C. § 922(a)(5) |

## II. ELEMENTS OF THE OFFENSES

A.   As to Count 1:

In order for the crime of conspiracy, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to commit an offense against the United States, as charged in the Indictment;

2. That DERBY CLERFE was a party to or member of that agreement;

3. That DERBY CLERFE joined the agreement or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that DERBY CLERFE and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit offense against the United States; and

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

B.   As to Counts 2 and 3:

In order for the crime of transferring a firearm to an out-of-state resident, in violation of 18 U.S.C. § 922(a)(5), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That DERBY CLERFE was not licensed to deal, import, manufacture, or collect firearms;

2. That DERBY CLERFE willfully transferred, sold, traded, gave, transported, or delivered a firearm to another person who also was not licensed to deal, import,

2

manufacture, or collect firearms; and,

   3. That DERBY CLERFE knew or had reasonable cause to believe that the person receiving the firearm from him resided in a state other than that of the defendant.

Title 18, United States Code Section 922(a)(5)

### III. PENALTIES

 A. **As to Count 1: Conspiracy (18 U.S.C. § 371):**

1. A term of imprisonment of not more than 5 years (18 U.S.C. § 371);

2. A fine not more than the greater of:

 (a) $250,000 (18 U.S.C. § 3571(b)(3)); or

 (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

4. Any or all of the above.

 B. **As to Counts 2 and 3: Transferring a Firearm to an Out-of-State Resident (18 U.S.C. § 922(a)(5)):**

1. A term of imprisonment of not more than 5 years (18 U.S.C. § 924(a)(1)(D));

2. A fine not more than $250,000 (18 U.S.C. § 3571(b)(3));

3. A term of supervised release of not more than three (3) years (18 U.S.C.

§ 3583); and,

    4.    Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTUTION

Restitution is not applicable in this case.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

                Respectfully submitted,

                SCOTT W. BRADY
                United States Attorney

                /s/ Jeffrey R. Bengel
                JEFFREY R. BENGEL
                Assistant U.S. Attorney
                DC ID No. 1018621